UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
HAROLD BONIME, Individually and on  |
Behalf of All Others Similarly Situated |
                                    |
                Plaintiff, |
                                    |    OPINION AND ORDER
      - against -             |    06 CV 1630 (CBA)
                                    |
AVAYA, INC.                         |
                                    |
                Defendant. |
------------------------------------------------------X

AMON, UNITED STATES DISTRICT JUDGE

      Before this Court is a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Plaintiff Harold Bonime has filed a class action lawsuit against Defendant Avaya, Inc. ("Avaya") based upon alleged violations of the Telephone Consumer Protection Act. For the reasons set forth below, this Court finds that it does not have subject matter jurisdiction over this cause of action.

**I.    Background**

      The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits sending "unsolicited advertisements" to a telephone facsimile machine and provides a private right of action. See 47 U.S.C. §§ 227(b)(1)(C). Thus, a private party may "if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State . . . an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater . . . ." Id. at § 227(b)(3). If the court finds that the defendant violated the TCPA "willfully or knowingly," it may increase the award to up treble damages. Id.

      Bonime, a citizen of New York, alleges that Avaya, a citizen of Delaware and New

1

Jersey, violated the TCPA when it sent him an unsolicited fax advertisement through an agent. Bonime also asserts that Avaya sent unsolicited fax advertisement to upwards of 10,000 potential class members, who are each entitled to statutory damages of between $500 and $1,500. Thus, Bonime claims that this action meets the requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and that this Court has diversity jurisdiction over the case. Avaya argues, however, that under Section 901(b) of New York Civil Practice Law and Rules ("section 901(b)"), Bonime may not assert a class action for statutory damages under the TCPA in New York state and therefore may not utilize CAFA to establish diversity jurisdiction.

## II. Analysis

### A. Standard of Review

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a complaint is subject to dismissal when it does not present a federal question under 28 U.S.C. § 1331 and when the requirements of diversity jurisdiction under 28 U.S.C. § 1332 have not been met. The plaintiff bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. Luckett v. Bure, 290 F.3d 493, 497 (2d. Cir. 2002).

### B. This Court does not have subject matter jurisdiction

The Second Circuit has held that there is no federal question jurisdiction under the TCPA. Gottlieb v. Carnival Corp., 436 F.3d 335, 337 (2d. Cir. 2006); Foxhall Realty Law Offices v. Telecomms. Premium Servs., Ltd., 156 F.3d 432, 435 (2d. Cir. 1998); see also Nicholson v. Hooters of Augusta, Inc., 136 F.3d 1287, 1289 (11th Cir. 1998); Chair King, Inc. v. Houston Cellular Corp., 131 F.3d 507, 509 (5th Cir. 1997); Int'l Sci. & Tech. Inst., Inc. v. Inacom Commc'ns, Inc., 106 F.3d 1146, 1150 (4th Cir. 1997). Nonetheless, a federal court may

hear a TCPA claim by exercising diversity jurisdiction if the requirements of the diversity statute are met. Gottlieb, 136 F.3d at 336. The parties agree that Bonime cannot invoke diversity jurisdiction under 28 U.S.C. § 1332(a), as he has not alleged an individual claim for $75,000.

However, Bonime asserts that this Court has diversity jurisdiction under the Class Action Fairness Act. When the TCPA was enacted, a class action could not be brought in federal court under diversity jurisdiction unless every potential plaintiff's claim met the amount in controversy requirement for diversity jurisdiction. See Zahn v. Int'l Paper Co., 414 U.S. 291, 300 (1973). Subsequently, in 2005, Congress passed CAFA, under which members of a putative class may obtain diversity jurisdiction if the aggregate claims exceed $5,000,000 and if any one of the plaintiffs is a citizen of a state different from any one of the defendants. 28 U.S.C. § 1332(d). Bonime asserts that he meets these requirements, as the aggregate statutory damages for the putative 10,000 class members exceed $5,000,000 and the citizenship requirements are met.

Avaya argues, however, that a class action for TCPA statutory damages is not actionable in New York state and is thus not actionable in this Court, sitting in diversity jurisdiction. The parties do not dispute that a class action for statutory damages under the TCPA is not actionable in New York state court. New York limits the invocation of class actions for the recovery of statutory damages to those statutes which specifically allow for class actions. That is, section 901(b) of New York Civil Practice Law and Rules provides:

> Unless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action.

Because the TCPA does not specifically authorize recovery of statutory damages in a class action, New York state courts have held that class actions may not be maintained for statutory

3

damages for alleged violations of the TCPA. Leyse v. Flagship Capital Servs. Corp., 803 N.Y.S.2d 52, 53 (N.Y. App. Div. 2005); Rudgayzer & Gratt v. Cape Canaveral Tour & Travel, Inc., 799 N.Y.S.2d 795 (N.Y. App. Div. 2005); Weber v. Rainbow Software, Inc., 799 N.Y.S.2d 428 (N.Y. App. Div. 2005); Ganci v. Cape Canaveral Tour & Travel, Inc., 799 N.Y.S.2d 737 (N.Y. App. Div. 2005); Giovanniello v. Hispanic Media Group USA, Inc., 799 N.Y.S.2d 800 (N.Y. App. Div. 2005). Indeed, two TCPA class actions filed by Bonime in New York state court have been dismissed on the basis of section 901(b). See Bonime v. Bridge 21, Inc., 799 N.Y.S.2d 417 (N.Y. App. Div. 2005) (affirming dismissal of class action predicated on the TCPA for failure to state a cause of action); Bonime v. Discount Funding Assocs., Inc., 799 N.Y.S.2d 418 (N.Y. App. Div. 2005) (same).[1] Accordingly, if section 901(b) applies in this action, Bonime's class action is not actionable. If he may not avail himself of CAFA, then this Court does not have diversity jurisdiction and the case must be dismissed.

Bonime argues, however, that section 901(b) is not applicable in a case brought in federal court. It is well-settled that when a court sits in diversity jurisdiction, it must apply state substantive law and federal procedural law. Erie Rwy. Co. v. Tompkins, 304 U.S. 64 (1938). That is, "in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." Guaranty Trust Co. of N.Y. v. York, 326 U.S. 99, 109 (1945).

---

[1] The parties do not dispute that New York state provides the relevant state law. The events alleged in the complaint, namely the transmission of an unsolicited facsimile to Bonime by DJJ Sales Associates Inc., an alleged agent of Avaya, took place in New York state. In addition, Bonime is a resident of New York state and brought suit in the Eastern District of New York.

4

Determining whether application of a state rule will or may affect the outcome is intended to serve "twin aims": "discouragement of forum-shopping and avoidance of inequitable administration of the laws." Hanna v. Plumer, 380 U.S. 460, 468 (1965); see also Morse v. Elmira Country Club, 752 F.2d 35, 37 (2d. Cir. 1984) ("The rationale of [Erie] was, first, that federal courts should obtain results substantially similar to those reached by state courts considering the same causes of action, and, second, that federal courts should avoid application of federal law if that application would significantly encourage forum shopping . . . .").

For the reasons that follow, this Court concludes that section 901(b) is a substantive provision. If this case were tried in state court, section 901(b) would prohibit a class action seeking statutory damages under the TCPA. See Bonime v. Bridge 21, Inc., 799 N.Y.S.2d 417; Bonime v. Discount Funding Assocs., Inc., 799 N.Y.S.2d 418. The majority of the cases to address the applicability of section 901(b) by a court exercising diversity jurisdiction or pendent jurisdiction have held that the statute is substantive and applies with equal force in federal litigation and state litigation. To hold otherwise "would contravene both of [the Erie] mandates to allow plaintiffs to recover on a class-wide basis in federal court when they are unable to do the same in state court." Leider v. Ralfe, 387 F. Supp. 2d 283, 291 (S.D.N.Y. 2005) (noting that Erie doctrine applies equally to courts sitting in pendant and diversity jurisdiction and applying section 901(b) when exercising pendent jurisdiction over state law claims); see also Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81, 94-95 (S.D.N.Y. 2001); Dornberger v. Metro. Life Ins. Co., 182 F.R.D. 72, 84 (S.D.N.Y. 1998) (exercising pendent jurisdiction and refusing to certify class action in plaintiff's state law claims because "[i]t would be patently unfair to allow plaintiff an attempt at recovery in federal court for a state law claim that would be barred in state

court"). That is, allowing the case to proceed in federal court "would clearly encourage forum-shopping, with plaintiffs and their attorneys migrating toward federal court to obtain the 'substantial advantages' of class actions." In re Relafen Antitrust Litig., 221 F.R.D. 260, 285 (D. Mass. 2004). See United States v. Dentsply Int'l, Inc., No. 99-005, 2001 WL 624807, at *16 (D. Del. Mar. 30, 2001) (exercising diversity jurisdiction and applying section 901(b) "[i]n order to ensure that the outcome of the litigation at bar will be substantially the same"); In re Microsoft Corp. Antitrust Litig., 127 F. Supp. 2d 702, 727 (D. Md. 2001) (exercising diversity jurisdiction and dismissing New York state law complaints because of section 901(b)), opinion supplemented by, 2001 WL 137254 (D. Md. Feb. 15, 2001); see also Noble v. 93 Univ. Place Corp., 224 F.R.D. 330, 341 n. 83 (S.D.N.Y. 2004) (noting that "section 901(b) is arguably substantive and has been found to apply under similar circumstances by federal courts in this district"); but see In re Oot, 112 B.R. 497, 502 (Bankr. N.D.N.Y. 1989) (ruling that because section 901(b) is a procedural rule, the court was bound to apply Fed. R. Civ. P. 23 in its stead); In re Peters, 90 B.R. 588, 594 (Bankr. N.D.N.Y. 1988) (same)."

As the Supreme Court has noted, "[t]here is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts . . . should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants." Walker v. Armco Steel Corp., 446 U.S. 740, 753 (1978) (holding that a court sitting in diversity must apply state service requirements, which were an "integral part" of the state statute of limitations and would serve to

bar claim). Indeed, Bonime does not seem to dispute that section 901(b) is a substantive rule.[2] (Pl. Br. at 8-10 (distinguishing cases in which state courts applied state statute of limitations to TCPA claims on the basis that statutes of limitations are procedural, not substantive).)

Bonime seeks to distinguish this case because of the unusual nature of this cause of action. Although he is invoking diversity jurisdiction, the cause of action was created by a federal law, not a state law. The Gottlieb court noted in dicta that "[i]t is odd, of course, that a federal court sitting in diversity and considering a TCPA claim would apply federal substantive and procedural law." 436 F.3d at 342, n.8. Bonime argues that because of this statement, this Court should therefore *only* apply federal substantive law and should not apply state substantive law. However, the Gottlieb court did not hold that the Erie doctrine is inapplicable to TCPA cases heard by federal courts sitting in diversity, nor did it hold that federal courts will never have cause to apply state substantive law when addressing TCPA claims. Rather, the Gottlieb court observed that "[i]nsofar as Congress sought, via the TCPA, to enact the functional equivalent of a state law that was beyond the jurisdiction of a state to enact, it would be odd to conclude that Congress intended that statute to be treated differently, for purposes of diversity jurisdiction, from any other state statute." Id. at 342. Although the Court should apply "federal

---

[2] The Erie doctrine may not be "invoked to void a Federal Rule" of Civil Procedure. Hanna v. Plumer, 380 U.S. at 470. Where a Federal Rule of Civil Procedure is in direct conflict with the law of the relevant state, the Federal Rule must be applied if it is constitutional and within the scope of the Rules Enabling Act. See Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 n. 7 (1996). Bonime does not argue that there is a direct conflict between Rule 23 of the Federal Rules, which governs the certification of class actions, and section 901(b). Nonetheless, several courts have held that they do not conflict. Leider v. Ralfe, 387 F. Supp. 2d at 289 (citing Dentsply Int'l, 2001 WL 624807, at *16; In re Relafen Antitrust Litig., 221 F.R.D. at 285; Dornberger, 182 F.R.D. at 84).

substantive law" in determining the *merits* of the case, i.e. whether the plaintiff has shown a violation of the TCPA, for the purposes of determining whether there is diversity jurisdiction, the TCPA must be treated as a state statute.

Put another way, under the Erie doctrine, a court sitting in diversity should always apply federal procedural law and should apply substantive law in the same manner that the state court would apply substantive law. In the instant case, in determining whether a particular plaintiff had asserted a violation of the TCPA, a state court would apply the TCPA, a federal substantive law. However, in determining whether a class action may be maintained for said violations, a state court would apply state substantive law governing the availability of class actions.

Moreover, nothing in the statute suggests that Congress sought to alter application of the Erie doctrine in the context of the statute. To the contrary, section 227(b)(3) of Title 47 provides that "[a] person may, *if otherwise permitted by the laws or rules of court of a State*, bring [an action] in an appropriate court of that State." Id. (emphasis added). Bonime argues that the "if otherwise appropriate" language refers only to those actions that are brought in "an appropriate court of that State" and not to actions brought in federal court. This reading of the statute, however, is inconsistent with the decision of the Second Circuit in Gottlieb. In Gottlieb, the Court concluded that this provision confers both "federal diversity and state-court jurisdiction over private claims." 436 F.3d at 339. In addition, it would be an incongruous result to hold that the TCPA allows a plaintiff to avoid the strictures of state substantive law simply by invoking diversity jurisdiction. The very purpose of the Erie doctrine is to discourage such forum shopping and to prevent such inequitable administration of the law.

Finally, the TCPA was enacted because state laws that attempted to regulate

8

telemarketing were ineffective because of telemarketers' ability to "avoid the restrictions of State law, simply by locating their phone centers out of state." Id. at 341-42 (quoting H.R.Rep. No. 102-317, at 9-1 (1991)). "Congress thus sought to put the TCPA on *the same footing as state law*, essentially supplementing state law where there were perceived jurisdictional gaps." Id. at 342 (emphasis added). Just as it would be odd to treat the TCPA, which is "on the same footing as state law," differently from state law for the purposes of diversity jurisdiction, it would be odd to treat the TCPA differently from state law for the purposes of determining whether section 901(b) applies.

In short, this Court, sitting in diversity jurisdiction, must apply state substantive law whenever applicable. Section 901(b) of New York Civil Practice Law and Rules prohibits class actions predicated on statutory damages. Therefore, Bonime cannot assert a class action predicated on the TCPA and cannot invoke diversity jurisdiction under CAFA. As Bonime has not asserted any other source of federal jurisdiction, his claims are dismissed.

## CONCLUSION

For the aforementioned reasons, the defendant's motion to dismiss for lack of jurisdiction is granted. The Clerk of the Court is directed to enter judgment in accordance with this Order and to close this case.

    SO ORDERED

Dated: Brooklyn, New York                                                   Carol Bagley Amon
       December 20, 2006                                            United States District Judge